DA 08-0646

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 288N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

NATHAN JOSEPH SMITH,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 08-091
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jim Wheelis, Chief Appellate Defender; Joslyn Hunt, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General, Helena, Montana

            Dennis Paxinos, Yellowstone County Attorney; Victoria Callender, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  July 29, 2009

Decided:  August 25, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Appellant Nathan Joseph Smith (Smith) appeals the District Court's order denying his motion to suppress a stop based upon an alleged lack of particularized suspicion. We affirm.

¶3      The State charged Smith in the Thirteenth Judicial District Court, Yellowstone County, with driving a motor vehicle while under the influence of alcohol or drugs, a felony, and operating a motor vehicle by a person with alcohol concentration of .08% or more, a felony. Smith moved to suppress the evidence obtained after he was stopped on the grounds that the officer lacked particularized suspicion to justify the stop. The District Court denied the motion. Smith appeals.

¶4      Smith argues that the officer's onboard video camera demonstrates that he did not violate any traffic laws. He argues that he did not cross the center line. He further contends he did not swerve toward the fog line. He contends rather that he slowly maneuvered his car from a pronounced dip in the road where his tire did not cross the center line, back to the middle of the road. The State counters that the officer saw Smith drive over the center line and therefore was authorized to stop Smith based upon that traffic infraction. The State further contends that the officer believed that Smith was under the influence of alcohol or

2

drugs based upon the totality of the circumstances. The officer testified that he believed Smith might be the same man he had seen fifteen minutes earlier outside a parked car and seemingly visibly intoxicated. The officer also noted that Smith stopped abruptly at an intersection and that Smith drove into a parking lot of a gas station that was obviously closed. The State contends that these facts provided the officer with particularized suspicion that Smith was under the influence.

¶5 We review the denial of a motion to suppress to determine whether a district court's findings of facts were clearly erroneous and whether the court correctly applied the law to those findings. *State v. Graham*, 2007 MT 358, ¶ 10, 340 Mont. 366, 175 P.3d 885. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial evidence supports the District Court's findings of fact and that the District Court's legal conclusions were correct.

¶6 We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER